UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY MAZE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 16-15424 |
| PROTECTIVE INSURANCE COMPANY, ET AL. | SECTION "N" (3) |

**ORDER AND REASONS**

Presently before the Court is the motion to remand filed by Plaintiffs Leroy Maze, Clara Matthews George, Eddie Matthews, and Zackier Johnson. *See* Rec. Doc. 6. Having carefully considered the record, the parties' submission, and applicable law, **IT IS ORDERED** that Plaintiffs' motion is **GRANTED**. **IT IS FURTHER ORDERED** that this action be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**BACKGROUND**

On September 1, 2016, Plaintiffs filed a petition for damages in the Civil District Court for the Parish of Orleans, State of Louisiansa, asserting negligence claims arising out of a motor vehicle accident occurring on or about  was involved on September 11, 2015. Specifically, Plaintiffs allege that they were in a vehicle that was struck when a "vehicle owned Greenwood Motor Lines, Inc., d/b/a R&L Carriers and operated by Defendant Gregory Cavalier . . . failed to yield and struck the vehicle occupied by Plaintiffs, causing them severe and disabling injuries." *See* Petition for Damages ("Pet"), Rec. Doc. 1-1, §3. According to Plaintiffs, the "sole and proximate cause of the above referenced accident was the negligence and fault of the defendant, Gregory

Cavalier. . . . " *Id*. at § 4.  Plaintiffs' petition requests an award of "damages as are reasonable in the premises, including past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, rental expenses, property damage, loss of use and/or depreciation of vehicle, past and future medical expenses, loss of past and future earnings, loss of future earning capacity, permanent disability to the body, loss of consortium, loss of enjoyment of life, and penalties and attorney's fees,  together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings[.]" *Id*. at § 8 ¶ 1.  The petition also includes, however, a statement that the "amount in controversy in this case does not exceed the sum or value of $75,000.00 exclusive of interest and costs." *Id*. at § 8 ¶ 2.

Asserting that 28 U.S.C. § 1332 provides federal diversity jurisdiction, Defendants, Protective Insurance Company, Greenwood Motor Lines, Inc., d/b/a R&L Carriers ("Greenwood") and Gregory Cavalier, removed the matter to federal court.  Plaintiffs' motion to remand followed, contending that the amount in controversy does not meet the requirements of 28 U.S.C. §1332 such that the action must be remanded to state court.  *See* Rec. Doc. 6, p.1.

## **LAW AND ANALYSIS**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Diversity of citizenship subject matter jurisdiction requires that the matter in controversy exceed the sum of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332. Under Fifth Circuit jurisprudence, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the complaint alleges a specific amount of monetary damages.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326,

1335 (5th Cir. 1995). When the plaintiff alleges a specific damage figure that exceeds the requisite amount in controversy, "that amount controls if made in good faith." *Id*. (*citing St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1939)). The same is true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

In this instance, however, Plaintiffs filed suit in Louisiana state court. There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition. *See* La. Code Civ. Proc. art. 893. Under such circumstances, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type' evidence of facts in controversy that support a finding of the requisite amount." *Id*. The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v. Wal-mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000). "The removal statute must 'be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Herring v. Metro. Prop. & Cas. Ins. Co.*, Civil Action No. 10-935, 2013 WL 3893282, at *2 (E.D. La. July 26, 2013) (Engelhardt, J.) (quoting *In re Hot-Hed Inc*., 477 F.3d 320, 323 (5th Cir. 2007)).

Louisiana law, however, does require a plaintiff to state "a general allegation that the claim exceeds or is less than the requisite amount" to establish "the lack of jurisdiction of federal courts." La. Code Civ. Proc. art. 893(A)(1). A plaintiff's failure to stipulate that damages cannot exceed $75,000, however, is not determinative of the remand inquiry. See, e.g., *Carbajal v. Caskids*

3

*Oil Operating Co.*, Civil Action No. 05-5966, 2006 WL 1030392, at *2 (E.D. La. Apr. 18, 2006) (Africk, J.) Rather, it constitutes only one factor. *Id.*

Similarly, a general allegation that a plaintiff's claims are above or below the federal jurisdictional requirement, made in accordance with Article 893(A)(1), is likewise not dispositive of whether the amount in controversy requirement is met. *McCord v. ASI Lloyds/ASI Underwriters*, Civil Action No. 13-126, 2013 WL 1196671, at *2 (E.D. La. Mar. 22, 2013) (Vance, J.) This is because these general allegations "will not be binding on [a plaintiff's] recovery under Louisiana law." *Id.* (quoting *Mouton v. Meritplan Ins. Co.*, No. 10–1643, 2010 WL 2978495, at *2 n. 15 (E.D. La. July 20, 2010) (citing *Pierce v. State Farm Fire & Cas. Co.*, No. 09–7442, 2010 WL 1817799, at *2 (E.D. La. Apr. 30, 2010)). Thus, courts treat these general allegations as stating an "indeterminate amount of damages." *Mouton*, 2010 WL 2978495, at *2 & n. 15 (treating a general allegation in a plaintiff's petition that damages were less than $75,000 as alleging an indeterminate amount); *see Hammel v. State Farm Fire & Cas. Co.*, Nos. 06–7470, 06–9615, 2007 WL 519280, at *3 (E.D. La. Feb. 14, 2007) (treating plaintiffs' allegation that their "claim does not exceed $75,000" in their petition as alleging an "indeterminate amount of damages"). Finally, "an allegation made under Article 893(A)(1) may be disregarded if the defendant can show by a preponderance of the evidence that the claim is for more than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009) (citing *Richard v. Ga. Gulf Lake Charles,* 2007 WL 2319804 at *7 (W. D. La. Aug. 10, 2007) (defendant may still prove by a preponderance of the evidence that claim is for more than the jurisdictional amount, even when a plaintiff alleges, under Article 893, that damages are insufficient to satisfy the amount in controversy)).

If a defendant meets its burden by a preponderance of the evidence, a plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less

4

than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints.*" *Id.* at 1412 (emphasis added).

> Regarding this requirement, the Fifth Circuit has explained:
>
> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

*Id.* at 1412, n. 10. In Louisiana state courts, plaintiffs are not limited to the damages requested in their pleadings. *See* La. Code Civ. P. art. 862. Accordingly, for *pre-removal* state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000. *See, e.g,. Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La. Oct. 11, 2006) (Vance, J.); *Crosby v. Lassen Canyon Nursery, Inc.*, Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D. La. Nov. 3, 2003) (Vance, J.).[1]

A plaintiff's post-removal affidavit or stipulation regarding the amount in controversy may be considered in support of remand only under limited circumstances. Specifically, if a plaintiff's state court pleading is ambiguous as to the amount in controversy, the Court may consider such post-removal submission solely to ascertain whether the jurisdictional

---

[1] In *Engstrom v. L-3 Communications Government Services, Inc.*, Civil Action No. 04-2971, 2004 WL 2984329, * 4 (E.D. La. 2004), this Court granted the plaintiffs' motion to remand where the petition contained a paragraph in which each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74,999." The Court found that the waiver language constituted a binding stipulation or "judicial confession" under Louisiana law, and, as a matter of law, prevented the plaintiffs from recovering more than the jurisdictional amount. *Id.*

5

minimum was satisfied at the time of removal. *See Gebbia*, 233 F.3d at 883; *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) (in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.*, No. 06-7624, 2007 WL 97062, *2 (E.D. La.) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs*, Inc., et al., No. 04-1632, 2005 WL 1038072, *4, n.10 (E.D. La.) (Engelhardt, J.). If the amount in controversy is clear from the face of the complaint, however, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883.

Applying these principles here, the Court finds that Defendants have failed to establish that it is facially apparent that Plaintiffs' claims are likely to exceed $75,000. To the contrary, Plaintiff's petition, which includes a statement that the amount in controversy does not exceed the sum or value of $75,000, is ambiguous with respect to the amount in controversy.

In arguing that the existence of federal jurisdiction is facially apparent, Defendants emphasizes that Plaintiffs' petition alleges that they "suffered severe and disabling injuries" from a motor vehicle accident, and requests an award of a wide variety of damages for both personal injury and property damage. Defendants further rely upon Plaintiffs' allegation that Defendants are obligated to pay a penalty and/or attorney's fees, which sums are properly included in calculating amount in controversy. *See e.g., Herring,* 2013 WL 3893282, at *2 ("it well established that such penalties and attorney fees are to be included in considering the amount in controversy").

To determine whether it is facially apparent from a plaintiff's petition that the jurisdictional amount is satisfied, the Court considers both the type and extent of the injuries alleged, the types of damages requested, and the presence or absence of factual allegations

6

sufficient to establish the requisite likelihood, rather than a mere possibility, that damages will exceed $75,000.  *See, e.g,., Herring,* 2013 WL 3893282, at *2.  Here, Plaintiffs' property damage allegations are completely nonspecific in terms of duration and extent.   With respect to bodily injuries, though Plaintiffs allege "severe and disabling injuries," their petition does not identify any specific injury, and does not detail the duration of the injury(ies), any past or future treatments that have been provided or recommended, any resulting physical limitations, permanent pain, or other disability resulting from the injuries, and/or any losses of employment or wages caused by Plaintiffs' injuries.

Additionally, though the types of damages alleged by Plaintiff generally assist in establishing the amount in controversy require by §1332, such allegations alone, unaccompanied by pertinent factual detail, "simply provide[] the usual and customary damages set forth by personal injury plaintiffs and do[] not provide the Court with any guidance as to the actual monetary amount of damages [Plaintiffs have] or will incur." *See Carver v. Wal-Mart Stores, Inc.*, Civil Action No. 08-42 2008 WL 2050987, at *2 (M.D. La. May 13, 2008) (Noland, M.J.);  *see also Creppel v. Fred's Stores of Tennessee, Inc*., Civil Action No. 13-734, 2013 WL 3490927, at *4 (E.D. La. July 10, 2013) (Barbier, J.) ("petition is ambiguous as to whether Plaintiffs' damages would exceed $75,000, because Plaintiffs merely pleaded the usual and customary damages set forth by personal injury plaintiffs . . . [w]ithout identifying the specific physical injuries . . allegedly suffered"); *Jeffcoats v. Rite-Aid Pharmacy*, Civil Action No. 01-764, 2001 WL 1561803, at *3-4 (E.D. La. Dec. 6, 2001) (Vance, J.) (although the types of damages alleged "generally . . . favor" a facially apparent determination, the absence of details regarding the "serious and debilitation injuries" resulting from fall, accompanied by post-removal supplemental and amending complain stipulating claim less than $75,000, precluded satisfaction of that test); *Palmer v. Wal-Mart Stores, Inc.*, Civil

Action No. 95-1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996) (Livaudais, J.) (allegations of "severe and permanent injuries" that "do not reveal [] the extent of [the plaintiff's] injuries" are of the type that are "fairly 'vanilla'" and insufficient to render jurisdiction facially apparent).

As stated above, the Court finds that Defendants have failed to demonstrate that federal diversity jurisdiction is facially apparent from the allegations of the petition. Accordingly, the action must be remanded to state court *unless* Defendants have met their removal burden by setting forth summary judgment type evidence of facts in controversy that support a finding of the requisite jurisdictional amount. They have not. Indeed, no evidence – even as to the factual details of the accident or the resulting property damage – has been submitted. And, although "bad faith" penalties and attorney's fees awarded against insurers are included in the jurisdictional amount calculation, the Court presently lacks sufficient information to reasonably estimate the likelihood or extent of such an award here. Importantly, as previously stated, merely because a plaintiff's damages potentially may exceed $75,000 does not make the such an award appear more likely than not. *See, e.g. McCain v. Winn-Dixie Montgomery*, LLC, Civil Action No. 16-1546, 2016 WL 2908418, * 4 (E.D. La. May 19, 2016) (Lemelle, J.); *Loftin*, 2014 WL 3893313, *4; *Carbajal*, 2006 WL 1030392, at *2 ("The reality that plaintiffs *may* recover greater than $75,000 does not suffice to warrant removal.") (Emphasis added). Accordingly, given the ambiguous nature of Plaintiffs' alleged injuries and damages, Plaintiffs' assertion, in their petition, that the amount in controversy does not exceed $75,000, the strict construction mandated for the general removal statute, and that doubt as to the propriety of removal is to be resolved favor of

remand, the Court concludes that Defendants have failed to satisfy their burden of demonstrating that the action was properly removed pursuant to 28 U.S.C. §1441 and §1332.

## CONCLUSION

For foregoing reasons, the Court finds that Defendants have failed to meet their burden of proving by a preponderance of evidence that the amount in controversy in this matter, exclusive of interest in costs, exceeds $75,000. Accordingly, **IT IS ORDERED** that Plaintiffs' motion to remand is granted.

New Orleans, Louisiana, this 17th day of January 2017.

_____
**Kurt D. Engelhardt**
**United States District Judge**